IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 2 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP. CLERK

BILL DAVIS TRUCKING, INC.          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   CIVIL ACTION NO. 1:09-CV-032 SWW
                                   )
PACCAR, INC.,                      )
d/b/a Kenworth Truck Company,      )
d/b/a Arkansas Kenworth, Inc.      )
AND OZARK KENWORTH, INC.           )
d/b/a MHC Kenworth- Kansas City    )   This case assigned to District Judge Wright
                                   )   and to Magistrate Judge Young
          Defendants.              )

## COMPLAINT

Comes now the Plaintiff, Bill Davis Trucking, Inc. ("BDT"), and for its Complaint against PACCAR, INC., d/b/a Kenworth Truck Company, Arkansas Kenworth, Inc., (collectively "PACCAR"), and Ozark Kenworth, Inc., d/b/a MHC Kenworth-Kansas City (collectively "Ozark"), Defendants, alleges and states as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.       BDT is a trucking company that focuses on providing transportation for the refrigeration industry.  BDT is an Arkansas corporation with its principal place of business located in Batesville, Arkansas.

2.       PACCAR designs, manufactures and distributes light-, medium- and heavy-duty trucks and the related aftermarket distribution of parts and provides finance and leasing services to their customers and dealers.  PACCAR is a corporation organized and existing under the law of the State of Delaware with its principal place of business in

1

Bellevue, Washington and also does business as Kenworth Truck Company and Arkansas Kenworth, Inc.

3.      Ozark Kenworth, Inc. is a regional distributor of Kenworth trucks with its principle place of business in Kansas City, MO.  Ozark Kenworth, Inc. sells, services, and finances Kenworth trucks.

4.      Ozark Kenworth, Inc. does business as MHC Kenworth- Kansas City.

5.      This action is properly before this Court because there exists complete diversity of citizenship between Plaintiff and Defendants.  In addition, the amount in controversy claimed by Plaintiff is in excess of $75,000.   The citizenship and amount in controversy requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

6.      Venue as to each Defendant is proper under 28 U.S.C. § 1391(a)(2) because a substantial part, if not all, of the event giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(a)(1)(3) and (c), because Defendant is subject to personal jurisdiction in Arkansas and in this district.

## II. FACTS

7.      At all times relevant to this lawsuit, PACCAR designed, manufactured and distributed light-, medium- and heavy-duty trucks under the Kenworth brand name.

8.      BDT is a trucking company that uses Kenworth trucks.

9.      On or about April 10th, 2006, BDT purchased a 2007 Kenworth truck, model T-600B, VIN #:  1XKADB8XX7R169944 ("Kenworth truck, VIN #1XKADB8XX7R169944 or unit 194") from an Ozark sub-distributor in Arkansas. This sub-distributor acquired the Kenworth truck, VIN #1XKADB8XX7R169944 from Ozark

Kenworth, Inc. d/b/a MHC-Kansas City, its regional distributor.

10.     The Kenworth truck, VIN #1XKADB8XX7R169944 has been in the service of BDT since the date of purchase.

11.     On October 13th, 2008, the Kenworth truck, VIN # 1XKADB8XX7R169944, driven by BDT drivers Ralph and Lesley Hatch, arrived from California with a trailer attached.

12.     On arrival, BDT shop mechanics, Ray Keck, Brent Hughes, and Greg Maple, inspected the truck, washed the truck, and parked Unit 194 with trailer on BDT's parking lot at approximately 11:30 AM, as was their customary practice on Saturdays since they closed at noon.

13.     Since the BDT parking lot was full as it usually is on Saturdays, Unit 194 with trailer was parked in the parking lot beside a 2007 Kenworth Truck, Model T-600B (VIN 1XKADB8X97R169952) ("Unit 202") and trailer.

14.     On or about 2:55 PM, an individual passed by BDT's parking lot, saw a fire, and alerted the Southside Volunteer Fire Department.

15.     The Southside Volunteer Fire Department responded to the scene and extinguished the fire but not before extensive damage occurred to Unit 194, Unit 202, and their trailers with cargo.

16.     Due to the fire which originated in Unit 194, Unit 202 in the next parking space to the left of Unit 194 also caught on fire and was severely damaged due to the flames and smoke.

17.     The cause of the fire was the defective design and installation of the battery cable on the Kenworth truck, VIN # 1XKADB8XX7R169944.

18.     As a direct and proximate result of the negligence and/or defects of the Kenworth truck, VIN #1XKADB8XX7R169944, as alleged in this complaint, Plaintiff suffered approximately $236,069.64 in damages including $105,000 for the defective Unit 194 (truck and trailer), $104,700 for the exposure to fire and destruction of Unit 202 (truck and trailer), and $26,369.64 for the cargo claim.

## III.  FIRST CAUSE OF ACTION

### NEGLIGENCE AGAINST ALL DEFENDANTS

19.     Plaintiff hereby incorporates 1-18 by reference as is fully set forth herein.

20.     Defendants owed a duty to the purchasers and end users of its Kenworth trucks, such as Plaintiff, to exercise reasonably prudent and ordinary care in the proper design, testing, manufacturing, production, inspection, and distribution of its Kenworth trucks. Defendants negligently breached this duty of care by failing to properly design and install the battery cable on the Kenworth truck, VIN # 1XKADB8XX7R169944.

21.     Defendants have a duty to exercise ordinary care in the selection, utilization and employment of the appropriate materials for the Kenworth trucks. Defendants also have a duty to discover the defects in the Kenworth trucks and properly inspect and test their Kenworth trucks.  Defendants negligently breached this duty of care by failing to select and to properly design the placement of the battery cable, failing to discover the defective design and installation of the battery cable under ordinary wear and tear conditions, and failed to test the effectiveness of the design and installation of the battery cables.

4

## IV.   SECOND CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

22.     Plaintiff hereby incorporates 1-21 by reference as is fully set forth herein.

23.     Defendants, through affirmation of fact and representations, expressly warranted that the Kenworth Truck, VIN #1XKADB8XX7R169944 was suitable for the trucking industry.

24.     Plaintiff reasonably relied upon the express warranties of Defendants.

25.     Defendant breached its express warranties when the Kenworth Truck, VIN #1XKADB8XX7R169944 failed to conform to Defendant's express representations.


## V. THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES

26.     Plaintiff hereby incorporates 1-25 by reference as is fully set forth herein.

27.     At the time the Defendants manufactured and sold the Kenworth Truck, VIN #1XKADB8XX7R169944, it knew of the particular use for which the Kenworth Truck, VIN #1XKADB8XX7R169944 was intended, and impliedly warranted its Kenworth Truck, VIN #1XKADB8XX7R169944 to be fit for this particular purpose. Defendants also impliedly warranted that the Kenworth Truck, VIN #1XKADB8XX7R169944 was of merchantable quality and safe and fit for its ordinary and intended use.

28.     Defendant breached these implied warranties. The Kenworth Truck, VIN

#1XKADB8XX7R169944 was not of a merchantable quality or fit for the particular purpose intended. The Kenworth Truck, VIN #1XKADB8XX7R169944, as supplied, was unfit for use in the trucking industry due to the defective design and installation of the battery cables.

## VI.  FOURTH CAUSE OF ACTION

## VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

29.     Plaintiff hereby incorporates 1-28 by reference as is fully set forth herein.

30.     Defendants engaged in deceptive trade practices when it knowingly made false statements regarding the use of the Kenworth Trucks that it manufactured and sold for use by Plaintiff and others.

31.     Wherefore, Plaintiff demands judgment against Defendants for the recovery of actual damages and reasonable attorney fees.

## VII.  FIFTH CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

32.     Plaintiff hereby incorporates 1-31 by reference as is fully set forth herein.

33.     Defendants are engaged in the business of manufacturing and selling Kenworth trucks.

34.     Defendants were responsible for manufacturing and selling the 2007 Kenworth Truck, VIN #1XKADB8XX7R169944, to Plaintiff.

35.     The Kenworth truck, VIN #1XKADB8XX7R169944, manufactured and sold by Defendants to Plaintiff was in a defective condition, which rendered it unreasonably dangerous.

36.     Defendants also failed to provide reasonable and adequate warnings of the dangers associated with the defective design and installation of the battery cables on their Kenworth trucks.

37.     Wherefore, Plaintiff demands judgment against Defendants for the compensatory damages together with interest, cost of suit and such further relief as the Court may deem appropriate.

## VIII.  JURY DEMAND

38.     Plaintiff demands that this Court empanel a lawful jury to hear this case.

## PRAYER

WHEREFORE, Plaintiff prays that this Court, upon trial hereof, enter a judgment against Defendants and in favor of Plaintiff for a sum in excess of the jurisdictional limits of this Court, with pre-judgment and post-judgment interest, attorney's fees, court costs, and for such other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**RON KIM LAW**

Ronald W. Kim (TN Bar No. 009060)
Attorney for Bill Davis Trucking, Inc.
262 German Oak Drive
Memphis, Tennessee 38018
(901) 767-3520
FAX: (901) 755-3450
rk@ronkimlaw.com