IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| BILL DAVIS TRUCKING, INC., | * | |
| | * | |
|     PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. 1:09-CV-032SWW |
| | * | |
| PACCAR, INC., d/b/a | * | |
| Kenworth Truck Company | * | JURY DEMAND |
| d/b/a Arkansas Kenworth, Inc., | * | |
| and OZARK KENWORTH, | * | |
| INC. d/b/a MHC Kenworth- | * | |
| Kansas City, | * | |
| | * | |
|     DEFENDANTS. | | |

## ANSWER OF DEFENDANT PACCAR, INC.

Comes now Defendant PACCAR, Inc. ("PACCAR"), and for its answer to the Complaint filed by Plaintiff Bill Davis Trucking, Inc. ("BDT"), states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

For its answer to the allegations contained in the numbered paragraphs of the Complaint, PACCAR states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

2. PACCAR denies that it does business as Arkansas Kenworth, Inc. PACCAR further denies that it designs, manufactures, or distributes light-duty trucks. PACCAR admits the remaining allegations contained in this paragraph.

3. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

4. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

5. PACCAR does not contest that the citizenship and amount in controversy requirements for diversity jurisdiction under 28 U.S.C. §1332 are satisfied.

6. PACCAR does not contest personal jurisdiction or venue.

## II. FACTS

7. PACCAR denies that it designs, manufactures, or distributes light-duty trucks. PACCAR admits the remaining allegations contained in this paragraph.

8. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

9. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

10. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

11. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

12. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

13. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

14. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

15. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

16. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

17. Denied.

18.     PACCAR is without knowledge or information sufficient to form a belief as to the amount of damages, if any, suffered by Plaintiff, and accordingly denies said allegations.  PACCAR denies that Plaintiff suffered any damages as a direct and proximate result of any action or inaction by Plaintiff or of a defect of the subject truck.

### III. FIRST CAUSE OF ACTION
### NEGLIGENCE AGAINST ALL DEFENDANTS

19.     PACCAR incorporates by reference herein its responses to the preceding paragraphs as if set forth fully herein.

20.     PACCAR admits the allegations contained in the first sentence of this paragraph.  PACCAR denies the allegations contained in the second sentence of this paragraph.

21.     PACCAR admits the allegations contained in the first sentence of this paragraph.  PACCAR denies that the allegations contained in the second sentence of this paragraph accurately describe PACCAR's legal duties.  PACCAR denies the remaining allegations contained in this paragraph.

### IV. SECOND CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

22.     PACCAR incorporates by reference herein its responses to the preceding paragraphs as if set forth fully herein.

23.     PACCAR denies as stated the allegations contained in this paragraph. PACCAR affirmatively alleges that it provides with its vehicles a limited express warranty, subject to certain conditions, exclusions, and disclaimers.  PACCAR denies the allegations of this paragraph to the extent that said allegations are inconsistent with the terms of the limited warranty.

24. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies said allegations.

25. Denied.

## V. THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTIES

26. PACCAR incorporates by reference herein its responses to the preceding paragraphs as if set forth fully herein.

27. Denied. PACCAR's express warranty sets forth the exclusive terms of any and all warranties it provides to vehicles it manufactures. PACCAR's express warranty specifically disclaims all implied warranties, including the implied warranties of merchantability and fitness for its ordinary purpose.

28. Denied.

## VI. FOURTH CAUSE OF ACTION
## VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

29. PACCAR incorporates by reference herein its responses to the preceding paragraphs as if set forth fully herein.

30. Denied.

31. PACCAR denies that Plaintiff is entitled to a judgment against it under the Arkansas Deceptive Trade Practices Act, or under any legal theory.

## VII. FIFTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

32. PACCAR incorporates by reference herein its responses to the preceding paragraphs as if set forth fully herein.

33. PACCAR admits that it is engaged in the business of manufacturing Kenworth trucks. PACCAR denies that it is engaged in the business of selling Kenworth trucks to end-users. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and accordingly denies said allegations.

34. PACCAR admits that it manufactured the subject vehicle. PACCAR denies that it sold the subject vehicle to Plaintiff. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and accordingly denies said allegations.

35. Denied.

36. Denied.

37. PACCAR denies that Plaintiff is entitled to any damages or any relief whatsoever from PACCAR.

## VIII. JURY DEMAND

38. This paragraph does not require a response.

All allegations not admitted, denied, or specifically referenced herein are hereby denied. PACCAR denies that Plaintiff is entitled to any of the relief sought against it in its Prayer for Relief, or to any relief whatsoever.

## THIRD DEFENSE

Plaintiff's alleged damages were not directly and/or proximately caused by any act or omission of PACCAR.

**FOURTH DEFENSE**

Plaintiff's claims should be dismissed against PACCAR under the doctrine of superseding and intervening cause.

**FIFTH DEFENSE**

The Court should dismiss Plaintiff's claims against PACCAR because the subject vehicle was not supplied in a defective condition which rendered it unreasonably dangerous.

**SIXTH DEFENSE**

PACCAR intends to rely upon the doctrine of comparative fault and contends that others, including but not limited to Plaintiff and the other named Defendant, should be assessed fault in this matter.

**SEVENTH DEFENSE**

The Court should dismiss Plaintiff's claims against PACCAR because the subject vehicle is not dangerous and, specifically, is not dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable user, assuming the ordinary knowledge of the community or similar users as to its characteristics, propensities, risks, dangers, and proper and improper uses.

**EIGHTH DEFENSE**

The Court should dismiss Plaintiff's claims against PACCAR because Plaintiff possesses special knowledge, training, and experience that render it familiar with the alleged dangers of the product.

### NINTH DEFENSE

The Court should dismiss Plaintiff's claim for breach of implied warranty because the limited warranty issued by PACCAR disclaims all implied warranties and disclaims liability for all incidental and consequential damages.

### TENTH DEFENSE

PACCAR contends that the evidence may show that the vehicle at issue was changed, altered or modified to a condition different from that in which it was when it left the control of PACCAR, for which PACCAR is not liable.

### ELEVENTH DEFENSE

PACCAR contends that the evidence may show that the vehicle at issue was abused, misused, improperly used, improperly maintained and/or damaged, subsequent to the time it left the control of PACCAR, for which PACCAR is not liable.

### TWELFTH DEFENSE

PACCAR contends that the evidence may show that the vehicle at issue was subjected to abnormal and/or unintended use which was unreasonable and not foreseeable by PACCAR and for which PACCAR is not liable.

### THIRTEENTH DEFENSE

PACCAR contends that the evidence may show that the component(s) of the subject vehicle allegedly implicated in the subject incident was/were used beyond its/their anticipated life.

### FOURTEENTH DEFENSE

PACCAR adopts and relies upon all defenses available to it under the Arkansas Products Liability Act.

**FIFTEENTH DEFENSE**

The Court should dismiss Plaintiff's claims because Plaintiff's claims are barred by the one-year limitation of time within which to bring a claim contained in PACCAR's limited warranty.

**SIXTEENTH DEFENSE**

The Court should dismiss Plaintiff's claims in whole or in part because under PACCAR's limited warranty, Plaintiff's exclusive remedy under the warranty is the repair or replacement of defective materials or workmanship by authorized repair facilities.

**SEVENTEENTH DEFENSE**

The Court should dismiss Plaintiff's claims in whole or in part because under the economic loss doctrine as adopted in Arkansas, Plaintiff cannot recover in strict liability for incidental and consequential damages.

**EIGHTEENTH DEFENSE**

The Court should dismiss Plaintiff's claim for violation of the Arkansas Deceptive Trade Practices because Plaintiff has failed to plead with particularity the factual allegations underlying its allegation of fraudulent conduct as required by Rule 9 of the Federal Rules of Civil Procedure.

**NINETEENTH DEFENSE**

Plaintiff's request for attorneys fees should be dismissed because no basis exists on which to award attorneys fees.

**TWENTIETH DEFENSE**

PACCAR hereby gives notice to Plaintiff as stated above that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in Plaintiff's Complaint or specific knowledge of actions on the part of Plaintiff or other persons that may have contributed to or caused any injuries or damages allegedly sustained by Plaintiff.  Until PACCAR avails itself of its right of discovery, it cannot determine whether or not all the defenses set forth herein will be asserted at trial.  PACCAR asserts these defenses in its Answer in order to preserve its right to assert such defenses at trial and to give Plaintiff notice of PACCAR's intention to assert these defenses and avoid waiver of any defenses.  PACCAR gives notice that it may rely upon such other affirmative defenses as may become available or apparent during the course of discovery and it reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered the Complaint, PACCAR requests that the Court dismiss Plaintiff's Complaint against it with prejudice at Plaintiff's cost.

PACCAR demands a jury to try all matters properly submitted to a jury.

        Respectfully submitted,

        BURCH, PORTER & JOHNSON, PLLC

        s/R. Porter Feild
        R. Porter Feild (AR BPR #08113)
        130 North Court Avenue
        Memphis, TN  38103
        (901) 524-5165

        Attorney for PACCAR, Inc.

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have forwarded a copy of the foregoing to Ronald W. Kim, Esq., 262 German Oak Drive, Memphis, TN 38018, and to Todd Wooten, Laser Law Firm, P.A., 101 South Spring Street, Little Rock, AR 72201, via electronic filing this 31st day of July, 2009.

                s/R. Porter Feild